UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

     Plaintiff,

                                    Case No. 10-20446

v.

                                    Hon. John Corbett O'Meara

JOHN JOSEPH TOLFREE,

     Defendant.
_____/

**ORDER DENYING DEFENDANT'S MOTION
FOR EARLY TERMINATION OF SUPERVISED RELEASE**

     Before the court is Defendant's motion for early termination of supervised release, filed November 24, 2014.  The government filed a response on January 8, 2015; Defendant submitted a reply on January 26, 2015.

     On January 25, 2011, the court sentenced Defendant to twenty months of imprisonment and five years of supervised release for possession of child pornography.  Defendant has completed his prison term and approximately three years of supervised release.  Defendant seeks early termination of his term of supervised release pursuant to 18 U.S.C. § 3583(e)(1).  Both the Probation Department and the government oppose Defendant's motion.

Pursuant to 18 U.S.C. § 3583(e)(1), the court may, after considering certain factors set forth in § 3553(a), terminate a term of supervised release at any time after the expiration of one year of supervised release if the court is satisfied that termination is "warranted by the conduct of the defendant" and the "interest of justice."  In making this determination, the statute directs the court to consider many of the same factors that it previously considered in imposing the initial sentence, including: the nature and circumstances of the offense, the defendant's history and characteristics; deterrence; protection of the public; the need to provide the defendant with training, medical care, or other treatment; the applicable sentencing range and policy statements from the U.S. Sentencing Commission; the need to avoid unwarranted sentencing disparities; and restitution. 18 U.S.C. § 3553(a)(1), (a)(2)(B), (a)(2 (C), (a)(2)(D), (a)(4), (a)(5), (a)(6), (a)(7).  "Early termination of supervised release is a discretionary decision that is only warranted in cases where the defendant shows changed circumstances – such as exceptionally good behavior."  United States v. Atkin, 38 Fed. Appx. 196, 198 (6th Cir. 2002) (citing United States v. Lussier, 104 F.3d 32, 36 (2nd Cir. 1997)).

In this case Defendant pleaded guilty to a very serious offense – child pornography.  Congress has mandated a minimum five-year term of supervised release for child pornography offenders and has authorized a maximum supervised

release term of life. 18 U.S.C. § 3583(k).  United States v. Shultz, 733 F.3d 616,

620 (6th Cir. 2013) (noting that, by mandating a certain period of supervised

release, "Congress saw a grave danger to public safety from known users of child

pornography, beyond the danger posed by a run-of-the-mine felon").

       In support of his request for early termination, Defendant notes that he has

fully complied with the terms of supervision, has no other criminal history, is

married, and is gainfully employed.  Although his conduct during supervision is

commendable, Defendant has done what is expected of any person on supervised

release.  Compliance with supervised release conditions do not constitute

"exceptionally good behavior" or other changed circumstances warranting early

termination.  See United States v. McKay, 352 F. Supp.2d 359, 361 (E.D.N.Y.

2005) ("Model prison conduct and full compliance with the terms of supervised

release is what is expected of a person under the magnifying glass of supervised

release and does not warrant early termination.").

       THEREFORE, IT IS HEREBY ORDERED that Defendant's motion for

early termination of supervised release is DENIED.

                                        s/John Corbett O'Meara
                                        United States District Judge


Date:  February 12, 2015

                                        -3-

I hereby certify that a copy of the foregoing document was served upon counsel of record on this date, February 12, 2015, using the ECF system.

s/William Barkholz
Case Manager